# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ELIZABETH WIGGINS,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 10-cv-499-WDS** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 93-cr-30025** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**STIEHL, District Judge:**

Before the Court is Petitioner Elizabeth Wiggins's motion for reconsideration of the Court's decision dismissing her motion filed under 28 U.S.C. § 2255.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  When, as here, the motion is filed within 28 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it.  *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006).  When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (*quoting Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005)).  Where, as here, a movant challenges the Court's legal analysis of the case, such a motion will be construed as filed pursuant to Rule 59(e), which may only be granted

if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

The sole basis for the instant motion is the recent Supreme Court ruling of *Magwood v. Patterson*, 130 S.Ct. 2788 (2010).  In that decision, the Supreme Court held that a habeas corpus petition filed to challenge a sentence imposed in a resentencing does not constitute a "second or successive" habeas corpus petition under 28 U.S.C. §2244(b)(1).  Although *Magwood* deals with a § 2254 petition challenging a state court judgment, the language of § 2255 regarding second or successive petitions is virtually identical.  Wiggins argues that because this § 2255 motion challenges a new sentence imposed in March 2009, it is not a second or successive petition.

Wiggins is correct, and the Court stated exactly that point in the order denying her § 2255 motion (*see* Doc. 4).  Perhaps Wiggins misunderstood the Court's order.  Her § 2255 petition was *not* dismissed as an unauthorized second or successive petition.  Rather, it was dismissed because "the basic arguments raised in this motion are virtually identical to those presented in her most recent appeal to the Seventh Circuit, arguments squarely rejected by the Circuit."  *Id.*

Upon review of the record, the Court remains persuaded that its ruling dismissing the case was correct.  Therefore, the instant motion for reconsideration (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: 22 November 2010**


**/s/WILLIAM D. STIEHL**
**U.S. DISTRICT JUDGE**

- 2 -